IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:10-cr-098 |
| | ) | |
| -vs- | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| KENNETH BYRON GRADY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America by and through its attorneys, Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, submits this Sentencing Memorandum in response to the Defendant's request for a variance from the Guideline sentencing range in the above matter. The United States believes a sentence within the Guideline sentencing range is a reasonable and appropriate range within which to impose sentence in this case and objects to any departure or variance.

The presentence investigation report ("PSR") has calculated the advisory guideline sentencing range at 33 - 41 months based upon an offense level 20 and criminal history category I. See PSR ¶'s 31, 34, & 74. In sentencing a defendant convicted of a crime, a court must impose a reasonable sentence upon the defendant after consideration of all of the sentencing factors contained within 18 U.S.C. § 3553(a). United States v. Booker, 125 S.Ct. 738, 757 (2005). The United States Sentencing Guidelines, including policy statements issued by the United States Sentencing Commission, are included among those

sentencing factors. See 18 U.S.C. § 3553(a)(4) & (5). As a result of the method and manner in which the Guidelines were written and their ongoing evolution, "the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Rita v. United States, 127 S. Ct. 2456, 2464-65 (2007). In stating the reasons for imposing a particular sentence, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." Id.

Here, the Defendant requests a variance utilizing the sentencing factors contained in 18 U.S.C. § 3553(a). The Defendant suggests a variance is appropriate in this case because of (1) the victim's statement; and, (2) the Defendant's emotional and substance abuse history, and lack of education and employment. The Defendant requests a variance of 9 months from the low end of the Guideline range, to a term of 24 months imprisonment. While the Defendant's request for variance is not substantial, it is not appropriate in this case as the Defendant's conduct and behavior over the past few years, including the instant offense conduct, suggests he is a significant risk of danger to others.

First, the instant offense was a crime of domestic violence. This type of offense involves utilizing violence as a means of exerting power and control over family members. The Court should be wary of allowing a domestic abuser to use his family members as a shield against incarceration. Allowing such an argument to justify a lesser sentence may potentially empower the abuser and silence the victim(s) with respect to any

future abuse. An abuser may keep a victim silent by using the sentence to suggest nothing of significant consequence will happen to him if further abuse is reported to authorities. Further, the Court must be cognizant of the fact that the abuser may hold the power in the relationship, and an indication by a victim that she does not desire incarceration must be carefully scrutinized.

Second, while the victim's recommendation regarding jail time and her reasons justifying that recommendation must be taken into consideration by the Court, her recommendation is not controlling. This Court must consider all of the sentencing factors within 18 U.S.C. § 3553(a). Included among them is public safety. That factor weighs heavily in this case considering the Defendant's past history and his offense conduct in this case.

The presentence report notes several instances of conduct throughout the Defendant's life that should give the Court concern about the future conduct of the Defendant. He does have a prior domestic assault conviction in Fort Berthold Tribal Court. (PSR ¶ 39) He has attempted suicide on multiple occasions as a result of arguments or disagreements with one or more girlfriends. (PSR ¶'s 50, 54, 58) He has a history of engaging in violent or threatening behavior toward other persons, including staff at residential facilities. (PSR ¶'s 56, 69) He has not performed well in various treatment and correctional settings, including his most recent incarceration setting where he was disciplined for manufacturing alcohol within the facility. (PSR ¶'s 46, 62, 66, 69)

Finally, the Defendant has emblazened on his body a tatoo stating "Trust No Bitch" suggesting a deviant cognitive thought process. (PSR ¶53)

Considering the severity of the instant offense conduct and the Defendant's past history, criminal and otherwise, a sentence within the advisory Guideline sentencing range of 33 - 41 months is reasonable and appropriate in this case.

Dated this 21st day of April, 2011.

                                            TIMOTHY Q. PURDON
                                            United States Attorney

By:   */s/ Rick L. Volk*
       RICK L. VOLK
       Assistant United States Attorney
       P. O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       N.D. Bar Board ID No. 04913
       Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 4:10-cr-098 |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| -vs- ) | |
| ) | |
| KENNETH BYRON GRADY, ) | |
| ) | |
| Defendant. ) | |

I hereby certify that on April 21, 2011, the following documents:

United States' Sentencing Memorandum

Certificate of Service

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Orell D. Schmitz:  teri_ell@fd.org

I further certify that a copy of the foregoing documents and the Notice of Electronic Filing will be mailed by first class mail, postage paid, to the following non-ECF participants:

Dated: April 21, 2011            */s/ Rick L. Volk*
                                 Rick L. Volk
                                 Assistant United States Attorney